LOUIS KAYNE, PLAINTIFF, v. MAYOR AND TOWNSHIP COUNCILMEN OF THE BOROUGH OF EAST PATERSON, DEFENDANTS.

Superior Court of New Jersey
Law Division.

November 15, 1972.

*Mr. Philip C. Geibel,* attorney for plaintiff.

*Messrs. Ferrara, Glock & Spector,* attorneys for defendants.

TOSCANO, J. C. C. Temporarily Assigned. This is a class action instituted by plaintiff Louis Kayne for himself and for all other members of the East Paterson Police Department to compel defendant Borough of East Paterson to pay compensation to such members for appearances in municipal court in accordance with Ordinance No. 71–4, which specifically provides for such compensation in addition to compensation for appearances in the County and Superior Courts and in the Supreme Court. The borough's contention is that the ordinance in question is *ultra vires* insofar as it would authorize the payment of compensation for municipal court appearances.

Plaintiff has moved for summary judgment and the borough has urged that the court declare the provision in question *ultra vires.* Clearly the matter is ripe for summary determination, the only issue being the legal question as to the validity of the provision.

The borough relies on *N. J. S. A.* 40A:14–135, which empowers a municipality to compensate members of the police department for time spent in appearances "before any grand jury or at any County, Superior or Supreme Court proceeding, except in a civil action." The ordinance in question was enacted pursuant to this statutory enabling provision. The borough contends that the absence of mention, in the statute, of municipal court proceedings compels the conclusion that the Legislature intended that the municipalities not have the power to compensate policemen for their attendance at such proceedings. The plaintiff contends that adequate support for the provision in question is found in *N. J. S. A.* 40:48–1, which empowers a municipality to provide for the employment and compensation of municipal officials and employees, and *N. J. S. A.* 40:48–2, which generally empowers a mu-

nicipality to enact any ordinance that the municipality deems necessary and proper for the good government and welfare of the community.

██ The provision in question that relates to compensation for municipal court appearances is outside the scope of the enabling legislation and is therefore invalid. Plaintiff correctly points out that statutory provisions are to be read as part of a consistent whole and interpreted so as to achieve harmonious results. *Jacobs v. N. J. State Highway Authority,* 54 *N. J.* 393 (1969); *Brewer v. Porch,* 53 *N. J.* 167 (1969); *Loboda v. Clark Tp.,* 40 *N. J.* 424 (1963). The application of this principle of construction, however, supports the position taken by the borough, namely, that the enactment of 40A:14–135 indicates that the Legislature believed that no prior legislation (such as 40:48–1 and 40:48–2) had empowered municipalities to provide for compensation of policemen for court appearances; otherwise the enactment of 40A:14–135 would be a meaningless gesture, the grant of a power already possessed by municipalities. A reading of the statutory provisions as a whole, therefore, compels the conclusion that 40A:14–135 was intended as a grant of additional power to municipalities, which power did not include the authority to provide compensation for appearances in municipal court.

Motion for summary judgment by the plaintiff is denied based on the finding that the provision in the ordinance dealing with compensation for municipal court appearances by police officers is *ultra vires* and beyond the delegation of power granted in *N. J. S. A.* 40A:14–135.